The defendant was indicted for forging a written conveyance of real estate in the city of Washington.
The indictment set forth the alleged forged instrument, conveying lot 5 in Davidson’s subdivision of square 283 to one Hannah Brooks for a consideration of $3,500, and purporting to be executed by Charles Baker and Sarah E. Baker, his wife, on January 27,1877. It was acknowledged and delivered to the recorder of deeds on the same day. The concluding averment is, that the offense was committed “with intent to defraud the said Charles Baker against the form,” &c.
Anthony Brooks and Mary Dangerfield were also included as defendants; but John R. Brooks was brought to trial separately, and without the others.
*316 The plea was not guilty. The jury returned avei’dict of guilty against the said John R. Brooks.
From the bill of exceptions it appears that upon the trial the government introduced testimony tending to show that the real estate described in the deed set forth in the indictment belonged to Charles Baker, who had died since the finding of the said indictment; that his name was Charles Hall Baker, but he always signed his name as Charles Baker, and was known as such among his acquaintances; that said deed described in the indictment as from Charles Baker to Hannah Brooks was forged, and that the defendant, John R. Brooks, delivered the same -to the recorder of deeds for record on the 27th day of January, 1877. And to further maintain the issue joined, the government called one John W. Starr, who testified that on the-day of February, 1877, the defendant, John R. Brooks, presented to him (Starr) a deed of trust dated on the 3d day of February, 1877, and executed by one Hannah Brooks, conveying the real estate described in the indictment in 'trust to secure a certain promissory note made by said Hannah Brooks to the order of one James Carroll for $2,000, and endorsed by him, and said John R. Brooks requested an advancement to him of money thereon, upon which said note and deed of trust he (Starr) advanced to said Brooks the sum of $2,000; or, to state this part of the case more clearly, on the 3d day of February, 1877, the defendant Mary Dangerfield, under the assumed name of Hannah Brooks, made a promissory note to the order of James Carroll for $2,000, and to secure it executed on the same day a trust deed to William W. Met-calf, trustee for James Carroll, upon .the same property (lo.t 5), and it was recorded on the same day. In the same month of February, but on what day is not positively known, the defendant John R. Brooks presented the same trust deed and note for $2,000, endorsed by James Carroll, and requested and obtained from John W. Starr a loan upon the same. There was, in fact, no such person as Carroll.
To all this testimony of the said Starr, the defendant, John *317 K,. Brooks, by his counsel, objected, and asked the court to exclude said testimony from the consideration of the jury, for the reason that said deed of trust and note, having been executed and delivered to said Starr long after the making and recording of the alleged forged deed from Charles Baker to Hannah Brooks, (dated January 27,1877, and recorded on the same day,) and forming another and entirely distinct transaction, were neither admissible nor competent evidence to maintain either count of the indictment; but the court overruled said objection, and declined to exclude said testimony from the consideration of the jury, and admitted the same as evidence of the fraudulent intent with which the said original deed was executed, holding that the obtaining of money on the deed of trust upon property which had been conveyed by a forged deed immediately or shortly‘previous thereto, was evidence of the fraudulent intent with which the original deed was executed. This ruling is the subject of the first exception.
At the close of the testimony counsel for defendant requested the court to instruct the jury as follows:
“1. That to constitute an utterance or publication of the forged deed in this case, the defendant must have done some act with the deed itself, or have uttered some words in direct reference to it, or both, such as would amount to the assertion that it was a genuine deed, and with the intent at the same time to procure credit for the same, and thereby secure an advance of money or some advantage to himself; that the single act of putting said deed on record, or leaving the same for record, is not, in itself, an act of uttering and publishing.”
But the justice presiding at the trial refused to give such instruction; to which refusal counsel for defendant' excepted.
“ 2. That if, after the execution and record of said deed, the defendant approached the witness Starr, and procured of him an advance of money on the security of a deed of trust executed by the grantee in said forged deed, that act alone *318 was not an utterance of said forged deed, and is not competent proof to be given under the indictment in this casé.”
But the justice presiding at the trial refused to give the said insti’uctions as asked; but did instruct the jury that, while the procuring of money on the security of a deed of trust executed by the grantee in a forged deed was not evidence of the forgery, still the jury might consider it as a circumstance in relation to the utteriDg of the forged deed, and in relation to the intent with which the forged deed was uttered; to which refusal counsel for the defendant excepted, and to the instruction as given also excepted.
“ 3. That the allegations of the intent to defraud Charles Baker contained in the indictment are material, and must be proved as laid; and if, under the instruction of the court, the jury should find that the defendant uttered the forged deed with knowledge of its character, but without any intent to defraud Charles Baker, they cannot convict him on the count for uttering.”
But the justice presiding refused to give the said instruction as asked; but did instruct the jury that if they should find that defendant uttered the forged deed with knowledge of its character, the deed being one conveying away the property of Charles Baker, then the jury might infer the intent to defraud Charles Baker; to which counsel for the defendant excepted.
“4. If, under the charge of the court, the jury shall find that the procuring of an advance of money from Starr, as set forth in his testimony, was an utterance of the forged deed, and that the same was done to defraud Starr, the defendant cannot be convicted on the count for uttering said forged deed.”
But the justice presiding refused to give such instruction ; but did instruct the jury that if they believed from the testimony that the defendant forged or uttered as true a forged deed of the property of one Charles Baker, that they could infer therefrom the intent to defraud Charles Baker, lié being the owner'of the property; to which refusal to give the instruc *319 tion asked, and to the instruction given, the defendant, by counsel, excepted.
H. 3. Wells, District Attorney, for the prosecution.
A. G. Riddle, for defendant.
A rnolion for a new trial upon these exceptions is heard here in the first instance.
At the conclusion of the argument, Cartter, Ch. J., announced the decision of the court, overruling the exceptions, denying the motion for a new trial, and remanding the case to the Criminal Court.